

**FILED**
October 28, 2024 12:21 PM
ST-2015-CV-00661
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**
*******

RANDOLPH LIVERPOOL, Individually and as )
ADMINISTRATOR OF THE ESTATE OF )
EMERALD O. LIVERPOOL, Deceased, )   CASE NO. ST-15-CV-00661
CHRISTOPHER LIVERPOOL, MARK )
LIVERPOOL, ADRIAN LIVERPOOL, MICHAEL )
LIVERPOOL, PAUL BROOKS, and )
ANDREW LIVERPOOL, )   ACTION FOR NEGLIGENCE
    )   AND DAMAGES
        Plaintiffs, )
    )   Cite as 2024 Super 45U
    )
    v. )
    )
SEA VIEW NURSING HOME d/b/a ST. THOMAS)
HEALTH CARE MANAGEMENT, INC., )
    )   **JURY TRIAL DEMANDED**
        Defendant. )
    )

## MEMORANDUM OPINION AND ORDER

¶1. **THIS MATTER** is before the Court on Defendant's Sea View Nursing Home d/b/a St. Thomas Health Care Management, Inc.'s ("Defendant" or "Sea View"), Motion to Dismiss Complaint based on subject matter jurisdiction filed on September 8, 2016. The Plaintiffs, Randolph Liverpool, individually and as an administrator of the Estate of Emerald O. Liverpool, Christopher Liverpool, Mark Liverpool, Adrian Liverpool, Michael Liverpool, Paul Brooks, and Andrew Liverpool (collectively "Plaintiffs") filed their Opposition to Sea View's Motion to Dismiss Complaint on October 19, 2016. The Plaintiffs' Reply in Support of the Motion to Dismiss was subsequently filed on November 22, 2016.

## I.   BACKGROUND

¶2. This matter arose from the death of Emerald O. Liverpool ("Liverpool" or "Decedent"). Plaintiffs assert that her death was caused by the negligent care she received while at Sea View.

Liverpool was admitted to Sea View Nursing Home in September 2013. At that time, she was bedridden. Approximately 30 days later, Liverpool was admitted to Schneider Regional Medical Center Emergency Room for obvious signs of distress and bed sores. Liverpool died in the hospital on December 20, 2013, a few days after she was admitted to the hospital. Liverpool's cause of death was listed as severe dehydration and Decubitus Ulcer.[1]

¶3.     On December 21, 2015, Plaintiffs filed the complaint in this matter. Plaintiffs allege that Sea View failed to provide Liverpool with adequate care. Specifically, Plaintiffs allege that Sea View, through its agents or employees, failed to timely and regularly feed Liverpool, provide her with sufficient liquids, monitor her nutrient intake, rotate her regularly, and administer adequate medication. Plaintiffs further allege that these failures, whether singularly or collectively, are the proximate cause of Liverpool's death. On September 8, 2016, Sea View filed a motion to dismiss the complaint due to a lack of subject matter jurisdiction, citing the Plaintiffs' failure to meet the jurisdictional requirements outlined in the Virgin Islands Medical Malpractice Act ("MMA"). *See* 27 V.I.C. § 166i(b). For the reasons stated below, the Court will grant Sea View's motion and dismiss this action for lack of subject matter jurisdiction.

## II.     **STANDARD FOR 12(b)(1) MOTION TO DISMISS**

¶4.     Sea View seeks dismissal of the complaint on the basis that the Court lacks subject matter jurisdiction. V.I.R. Civ. P. 12 (b)(1) permits a party to seek dismissal of a complaint for lack of subject matter jurisdiction. A party can raise the issue of lack of subject matter jurisdiction at any time. *Mercer v. Bryan*, 53 V.I. 595, 601 (V.I. 2010) ("[I]t is well-established that a party may file a motion to dismiss for lack of subject matter jurisdiction at any time during the pendency of an

---

[1] Pls.'s Compl. at ¶¶ 15-20.

action"); *Gittens v. Butler*, 77 V.I. 170, 177 (V.I. Super. Ct. Dec. 29, 2022) ("Lack of subject matter jurisdiction can be raised at any time throughout a judicial proceeding"). V.I.R. Civ. P. 12(h)(3) also provides that "if the court determines that at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

¶5.     When the court considers a motion to dismiss for lack of subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiffs allegations and the existence of disputed issues of material fact will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Thomas v. Blackwood*, 2017 V.I. LEXIS 55, *3, 2017 WL 1232830 (V.I. Super Ct. March 21, 2017) (citing *Northshore Realty, Inc. v. First Bank*, 62 V.I. 68, 73, 2014 V.I. LEXIS 65, *7 (V.I. Super. Ct. 2014)). Because no presumption of truthfulness attaches to the plaintiffs' allegations in deciding a motion to dismiss for lack of subject matter jurisdiction, the court may consider other relevant evidence outside the pleadings to determine the existence of jurisdiction. *Francis v. Gov't of the V.I.*, 2014 V.I. LEXIS 43, *2, 2014 WL 3508522 (V.I. Super. Ct. July 10, 2014). When subject matter jurisdiction is challenged, the plaintiff has the burden of persuasion. *Thomas v. Blackwood*, 2017 V.I. LEXIS 55 at *3.

## III.     DISCUSSION & ANALYSIS

¶6.     Sea View has moved the Court to dismiss this action due to a lack of subject matter jurisdiction. Sea View argues that it is a healthcare provider under 27 V.I.C. § 166(c), and Liverpool has failed to comply with the jurisdictional requirements set forth in 27 V.I.C. § 166i(b) of the MMA. Sea View states that pursuant to 27 V.I.C. § 166i(b), an action against a health care provider must first be filed with the Medical Malpractice Action Review Committee ("Committee"), and Plaintiffs must wait for an expert opinion or ninety days after filing a proposed

complaint before filing a complaint with the court, whichever comes first.[2] Sea View, citing *Brady v. Cintron*, 55 V.I. 802 (V.I. 2011), posits that since Liverpool's complaint is a medical malpractice action and Plaintiffs have failed to comply with Section 166i(b), then this matter should be dismissed for failure to comply with the non-waivable jurisdictional requirements contained in 27 V.I.C. § 166i(b). *Id.* at 815 (holding that the Legislature intended the pre-filing requirements to be jurisdictional).

¶7.     Here, Plaintiffs have not stated that they complied with the pre-filing requirements nor provided proof that they filed their proposed complaint with the Committee. In opposition to Sea View's motion, Plaintiffs argue that this case is about negligence, not medical malpractice. Therefore, Plaintiffs claim they are not required to meet the pre-filing jurisdictional requirements under 27 V.I.C. § 166i(b).

¶8.     In deciding Sea View's motion to dismiss, the court must consider (1) whether Sea View is a health care provider under the MMA, (2) whether Liverpool's claims fall under the MMA, and (3) whether the case should be dismissed for lack of subject matter jurisdiction.

### a. Whether Sea View is a Healthcare Provider under the MMA

¶9.     "[I]n order to qualify as a health care provider under the MMA, a person, corporation, facility, or institution must be licensed by the Virgin Islands to provide health care or professional medical services." *Brady v. Cintron*, 55 V.I. at 821. Sea View claims it was a health care provider

---

[2] 27 V.I.C. § 166i(b) provides:

> No action against a health care provider may be commenced in court before the claimant's proposed complaint has been filed with the Committee and the Committee has received the expert opinion as required by this section, provided, that if said opinion is not received by the Committee within ninety days from the date the complaint was filed with the Committee, the claimant may commence his action against the health care provider in court; Provided further, That the commencement of the court action shall not prevent the Committee from obtaining the expert opinion.

under the MMA at the times referenced in the complaint. Title 27 V.I.C. § 166(c) defines health

care provider as follows:

> "Health care provider" means a person, corporation, facility or institution who must be licensed by this territory to provide health care or professional medical services including medical, osteopathic, chiropractic or naturopathic physician, hospital, dentist, registered or licensed practical nurse to include the Advanced Practice Registered Nurse, optometrist, podiatrist, physical therapist, psychologist, paramedical personnel, emergency medical technician, pharmacist and laboratory technician.[3]

Thus, as long as an entity is licensed by the Virgin Islands to provide health care or professional

medical services, it is a health care provider under the MMA.

¶10.    Sea View has submitted proof of its business license, certificate of need license, and

insurance information as exhibits to its motion to support its position that it is an entity licensed to

provide health care services in the Virgin Islands. The documents submitted indicate that when

Liverpool resided at Sea View, it was licensed to provide home health care services and operate

as a skilled nursing facility. In October 2012 and 2013, the Department of Health issued Sea View

certificate of need licenses to provide long-term nursing and rehabilitation services to residents of

the facility. Given the record before the Court, the skilled nursing and rehabilitation services

provided by Sea View fall within Section 166(c).[4] *Christopher v. Gov. Juan F. Luis Hospital &

Medical Center*, 2016 V.I. LEXIS 165, *8, 2016 WL 6069496 (V.I. Super. Ct. 2016) (stating that

---

[3] The list of health care providers in Section 166(c) is not exhaustive. The use of the word "including" before the list of specialized professions indicates that the list is only a subset of the universe of healthcare providers. Moreover, "courts have consistently construed statutes that utilize the word 'includes' and its variants as only representing a non-exhaustive list, with the listed items only serving as examples." *Atlantic Human Resource Advisors, LLC v. Espersen*, 76 V.I. 583, 606 (V.I. 2022).

[4] Plaintiffs do not dispute that Sea View falls within the definition of a "health care provider" under the MMA. Instead, Plaintiffs take the position that their claims are not medical malpractice claims but regular negligence tort claims. See Pls.'s Opp'n at 3-8.

an entity qualifies as a "health care provider" if it is a corporation that must be licensed in the Virgin Islands to provide health care or professional medical services).[5]

¶11.    Facilities in the Virgin Islands that provide health care services and professional medical services have consistently been found to be health care providers for the purposes of the MMA. See *Ference v. V.I. Family Sports & Fitness Center, Inc.*, 45 V.I. 345, 352 (V.I. Super. Ct. 2004); *Labeet v. Acute Alternative Medical Group*, 72 V.I. 250, 252 (V.I. Super. Ct. 2019); *Thomas v. Blackwood*, 2017 V.I. LEXIS 55, *6 (V.I. Super. Ct. 2017). Similarly, this Court finds Sea View to be a health care provider under the MMA. As a residential nursing facility, Sea View provided specialized long-term nursing and rehabilitation services to the aged, infirm and disabled persons.[6]

### b. *Whether Plaintiffs' claims fall under the definition of "malpractice" as defined in §166(f)*

¶12.    Having found Sea View to be a health care provider under the MMA, the Court must now determine whether Plaintiffs' claims fall within the scope of "malpractice" as defined in 27 V.I.C. § 166(f). Title 27 V.I.C. § 166(f) defines malpractice as "any tort or breach of contract based on health care or  professional services rendered, or which should have been rendered by a health care provider, to a patient." Plaintiffs assert three counts in their complaint. In Count I, Plaintiffs allege

---

[5] Title 19, Chapter 15 of the Virgin Islands Code, which covers Licensing, Inspection and Regulation of Health Facilities and Health Services, defines health care services as:

> "Health care service" means clinically related services (i.e., diagnostic, treatment, or rehabilitative) and includes alcohol, drug abuse, and behavioral health services, home health care services and homemaker services, ambulance services, including ambulance, boat and other medical transportation, pharmacies, laboratories, radiology services, and medical and prosthetic supply services, including institutional health services and pre-hospital emergency ambulance services.

. Health facility is defined as:

> "Health facility" means hospitals, health care clinics, health centers, skilled nursing facilities, behavioral health facilities, kidney disease treatment centers (including freestanding hemodialysis units), intermediate care facilities, ambulatory surgical facilities, rehabilitation facilities, health maintenance organizations, and hospice care facilities.

19 V.I.C. § 221(8).

[6] Pls.'s Compl. at ¶¶ 12, 13-14; Def.'s Answer at ¶¶ 12, 13-14.

that Sea View and/or its agents and employees breached their duty to provide adequate care to Liverpool by their "(a) failure to feed [her] timely and regularly; (b) failure to provide sufficient liquid to Decedent; (c) failure to monitor Decedent's nutrients intake; (d) failure to regularly rotate Decedent and (e) failure to administer adequate medicine."[7] In Count II, Plaintiffs allege a claim for emotional distress because of the actions or inactions of Sea View. Count III alleges negligence based on Sea View's agents or employees: (a) administering insulin to Liverpool despite knowing she was allergic; (b) failing to rotate her in a timely and regular manner; and (c) neglecting to provide proper nutrition, food, and liquid.[8]

¶13.    Plaintiffs contend this is a suit strictly for negligence, not medical malpractice. They state that in this case, Liverpool, a 67-year-old female who was bedridden, went to Sea View for respite so that her daily needs could be attended to, to ensure she would be given food and liquids in a timely and regular manner, to make sure her body was moved and rotated regularly to avoid bed sores and to facilitate the proper healing of the ones she had.[9]

¶14.    When deciding whether a complaint states a claim for negligence or medical malpractice, the court must examine the services or treatment provided by the health care provider and the circumstances that led to the injury. In *Labeet v. Acute Alternative Medical Group*, [10] the plaintiff similarly argued that its lawsuit was not a medical malpractice action covered by the MMA but a simple negligence claim that just happened to occur in a medical office. 72 V.I. 250, 252. The court, in finding that Labeet's action was a medical malpractice action, explained that:

> The Plaintiff was at a facility for the purpose of health care related sleep tests and services that needed to be rendered by the Defendants as health care providers. As such, his causes

---

[7] Pls.'s Compl. at ¶¶ 22 and 23.
[8] Pls.'s Compl. at ¶¶ 26-31.
[9] Pls.'s Opp'n at 4.
[10] *Id.*

of action are torts based on health care or professional services rendered by the Defendants to the Plaintiff as a patient. This includes the Plaintiff's claims for intentional and negligent infliction of emotional distress even though those claims were not expressly listed in the Complaint as medical malpractice. As such, all of the Plaintiff's claims constitute medical malpractice as defined by the MMA.

*Id.* at 253. It is evident from the allegations in the complaint that Liverpool went to Sea View, a health care provider that specialized in providing nursing and rehabilitation services to the aged, infirm, and disabled persons, because she needed specialized care and attention.

¶15.    As a patient of Sea View, Liverpool received or should have received healthcare services from Sea View, a licensed healthcare provider.[11]  Both parties agree that it was the duty of Sea View to "feed Decedent, to ensure that Decedent received proper nutrient[s] including medication and to regularly rotate Decedent."[12] These are the very health care services that Plaintiffs claim Sea View allegedly failed to provide or was negligent in providing, leading to Liverpool's death.

¶16.    While the counts in Plaintiffs' Complaint do not include the word "malpractice," the statute defines malpractice as "any tort." *Brady v. Cintron,* 55 V.I. at 826 ("The MMA . . . applies to all torts and contract claims brought against health care providers."); *Thomas v. Blackwood,* 2017 V.I. LEXIS at *7 ("Under Section 166(f), the definition of malpractice encompasses any tort based on healthcare or professional services rendered."). Based on the allegations in the complaint, Liverpool's injuries arise from the alleged inadequate health care services she received from Sea View. All of Plaintiffs' claims are tort claims and, therefore, fit within the definition of § 166(f). The Court finds that all of Plaintiffs' claims fall under the MMA and are subject to the statutory jurisdictional requirements of the MMA.

---

[11] Pursuant to 27 V.I.C. § 166(i), "patient" means "a natural person who receives or should have received health care from a licensed health care provider, under a contract, express or implied."
[12] Pls.'s Compl. at ¶17; Def.'s Answer at ¶17.

### c. *Whether the Complaint Must be Dismissed*

¶17.     Title 27 V.I.C. § 166i(b) provides that "[n]o action against a health care provider may be commenced in court before the claimant's proposed complaint has been filed with the Committee." The requirements of section 166i(b) are controlling. Here, it is undisputed and unchallenged that Plaintiffs did not file a proposed complaint with the Committee. Since Plaintiffs have failed to satisfy the mandatory prefiling jurisdictional requirements of the MMA, this court lacks subject matter jurisdiction to hear the case and must dismiss Plaintiffs' complaint. *Brady v. Cintron, 55 V.I.* at 820 (holding that the plaintiff's failure to comply with the nonwaiveable jurisdictional conditions of section 166i "created a bar to her malpractice action"); *Labeet v. Acute Alternative Medical Group*, 72 V.I. at 254 (explaining failure to file a proposed complaint with the Medical Malpractice Action Review Committee divested the Court of jurisdiction to hear the medical malpractice claims, necessitating dismissal); *Thomas v. Blackwood*, 2017 V.I. LEXIS at *8 ("[Plaintiff] did not satisfy any of the jurisdictional prerequisites before filing her Complaint. Ergo, the matter must be dismissed for lack of subject matter jurisdiction.").

### CONCLUSION

¶18.     Even though Liverpool may have been admitted to Sea View for a "short respite," she was admitted as a patient into a health care facility, of a licensed health care provider, to obtain professional health care services. The Court finds that Sea View is a health care provider under Section 166(c) of the Medical Malpractice Act. The Court further finds that all of Plaintiffs' claims fall within the scope of "malpractice" as defined in 27 V.I.C. § 166(f). Plaintiffs do not contest that they failed to file a proposed complaint with the Committee. More so, there is no evidence in the record that they filed a proposed complaint with the Committee before filing their complaint

with the Court on December 21, 2015. Since the Plaintiffs have failed to satisfy the non-waivable jurisdictional prerequisites of section 166i, this Court lacks subject matter jurisdiction to hear the Plaintiffs' malpractice claims, and Sea View's motion to dismiss shall be granted. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss Complaint is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to the counsel of record; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

Dated: October 28, 2024

**Carol Thomas Jacobs**
Judge of the Superior Court
of the Virgin Islands

ATTEST:
Tamara Charles
Clerk of the Court

By:
Latoya Camacho
Court Clerk Supervisor